Estate of Idamay Swift Minotto, Deceased, The Valley National Bank of Phoenix and James Minotto, Executors v. Commissioner.
Estate of Idamay Swift Minotto v. Commissioner
Docket No. 12742.
United States Tax Court
1950 Tax Ct. Memo LEXIS 154; 9 T.C.M. (CCH) 556; T.C.M. (RIA) 50164; June 30, 1950
*154 The decedent, Idamay Minotto, and her two children were named as beneficiaries of insurance policies by decedent's father, Louis Swift, the insured person under the policies. He exercised the powers of election as to the Mode of Settlement, and elected to have the proceeds paid in 30 equal installments to decedent during her life, and to her two children upon her death. Decedent survived her father who died in 1937. She did not have any power of appointment over the payment of any part of the insurance proceeds. She received seven of the installment payments of insurance proceeds during her life. Held, that the value at the date of death of the remaining 23 installment payments of insurance proceeds is not includible in the gross estate of the decedent under sections 811 (a) or 811 (c) of the I.R.C.
James W. Coombs, C.P.A., Heard Bldg., Phoenix, Ariz., for the petitioners. E. A. Tonjes, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in estate tax in the amount of $36,591.25. Petitioners concede that certain determinations of the Commissioner are correct. With respect to deductions for attorneys' fees and credit for estate tax paid to the State of Arizona, the parties have entered into stipulations which will be given effect in a recomputation of the estate tax under Rule 50. The only question for consideration is whether the value of certain installment payments of the proceeds of life insurance policies, which installments became payable to the children of the decedent in this proceeding upon her death, is includible in the gross estate of the decedent. Petitioners contend that there is overpayment of estate tax. The estate tax return was filed with the collector for the district of Arizona. The record consists of a short stipulation of facts and exhibits. Findings of Fact The facts *156 which have been stipulated are adopted as part of our findings of fact. The petitioners are the duly appointed executors of the estate of Idamay Swift Minotto. The father of the decedent, Louis F. Swift, took out two policies of ordinary life insurance on his own life during his lifetime. One policy for the face amount of $100,000 was taken out on September 24, 1918; and the other, in the face amount of $25,000, was taken out on October 4, 1918. On January 11, 1923, the insured, Louis F. Swift, made an irrevocable and unchangeable election under both policies as to the Mode of Settlement under clause two of each policy. The endorsements setting forth the election of the Mode of Settlement stated as follows: "MODE OF SETTLEMENT "The Insured has elected that if this policy shall become a claim by death, settlement hereof shall be made as follows: "If any of the following payees, viz: Idamay S. Minotto, daughter of the Insured, and Demetrius Minotto and Ida May Minotto, grandchildren of the Insured, shall survive the Insured, settlement shall be made by Mode of Settlement (2) in thirty annual instalments. Said instalments shall be payable, each as it becomes due, to said daughter *157 if she be living on its due date or if said daughter be not then living, to said grandchildren, share and share alike, if both be living on its due date or if one only be then living, to that one. If the last survivor of said payees shall die after the death of the Insured and before all of said instalments shall have become payable, the commuted value of the remainder of said instalments shall be payable to the executors or administrators of said daughter. "If none of said payees shall survive the Insured, the amount payable at the death of the Insured shall be payable to the executors or administrators of said daughter. "Neither the supplementary contract nor any benefits accruing subject to transfer, commutation or encumbrance. This election of Mode of Settlement shall not be subject to change or revocation. (Italics supplied.) "New York, N. Y. January 11, 1923." The insured, Louis F. Swift, died on May 12, 1937. At the date of his death, the two insurance policies were outstanding and in effect. Upon his death, they became claims by death, payable under the Mode of Settlement set forth above. The insured was survived by his daughter, Idamay S. Minotto, who is the decedent *158 in this proceeding, as well as by his two grandchildren, Demetrius and Ida May Minotto, who were named in the insured's election of Mode of Settlement. Under the Mode of Settlement which the insured elected, the proceeds of the two policies (which were issued by one insurance company) were to be paid in thirty annual installments. These installments amounted to $6,254.17, each, exclusive of interest. Upon the death of the insured, the insurance company issued the regular settlement contract on May 12, 1937, and it covered the two policies which were surrendered to the company upon the death of Louis F. Swift. The settlement contract provided as follows: "Settlement shall be made by Mode of Settlement (2) in thirty annual instalments. "The amount of each such instalment under said Mode of Settlement (2), exclusive of excess interest, shall be $6,254.17 and the first such instalment shall be due on the date hereof. "Such instalments shall be payable each as it becomes due to Idamay S. Minotto, daughter of the Insured, if she be living on its due date, or if said daughter be not then living to Demetrius Minotto and Ida May Minotto, grandchildren of the Insured, share and share *159 alike, if both be living on its due date, or if one only be then living, to that one. "If the last survivor of said daughter and said grandchildren shall die before all of said instalments shall have become payable, the commuted value of the remainder of said instalments shall be payable to the executors or administrators of said daughter. "Neither this contract nor any benefits accruing hereunder shall be transferable or subject to surrender, commutation, anticipation or encumbrance or in any way subject to the debts of any beneficiary or payee or to legal process except as otherwise provided by law." ( Italics supplied.) On and after May 12, 1937, Idamay S. Minotto, the daughter of the insured, received the annual installments under the settlement contract until her death. She died on October 18, 1943. She received seven of the installments, and at the time of her death twenty-three of the installments remained unpaid. She was survived by her two children, Demetrius and Ida May Minotto, and they became entitled to receive the remaining, unpaid installments according to the direction of their grandfather, Louis F. Swift. On October 18, 1943, Demetrius was about 27 years of age, *160 and Ida May was about 23 years of age. After the death of Louis F. Swift on May 12, 1937, his daughter, Idamay S. Minotto, the beneficiary of both policies, had no right to surrender the insurance policies for the cash or paid-up value thereof. Under the terms of the insurance policies and of the Mode of Election of Settlement which Louis F. Swift executed, Idamay S. Minotto did not have any right to surrender the settlement contract, which provided for the payment of the insurance proceeds in thirty installments, for its commuted value; and she could not assign or encumber such contract or any installment accruing thereunder; and she could not change the beneficiaries of the installment payments which would be paid after her death if she died before all of the thirty installments were paid and the named beneficiaries survived her. The decedent, Idamay, executed her last will on April 29, 1943. She did not mention the two insurance policies on the life of her father, or the settlement contract thereunder, in her will. After making certain specific bequests, she provided in her will that her estate should be shared by her husband, James Minotto, and her two children, in equal *161 parts. The parties have stipulated as follows: "The 23 remaining installments had a value at date of death [of the decedent in this proceeding] of $92,917.20. "The value of a remainder interest in 23 annual payments of $6,254.17, the first such payment being due 206 days after the date of the valuation and payment being made annually thereafter, payable to the remainderman only if neither one of two persons aged 27 and 23, respectively, are living at the time each payment becomes due, such value being determined on the basis of the Actuaries' or Combined Experience Table of Mortality at 4% interest and on recognized actuarial principles, by calculating the value of 23 payments to be made in any event less the value of 23 payments to be made only as long as at least one person out of two persons aged 27 and 23 is living, is $845." The Commissioner included in the value of the gross estate of the decedent $92,917.20, the value of the 23 installments of insurance. The respondent did not allow any deductions from the gross estate for costs and expenses, including attorneys' and accountants' fees, or for state inheritance taxes paid to the State of Arizona. Petitioners have *162 incurred such expenses and costs; and they have paid $8,242.52 estate or inheritance tax to the State of Arizona. Petitioners have paid Federal estate tax to the collector for the district of Arizona, as follows: $78,421.30, on January 19, 1945; and $9,798.50, on April 30, 1946. Opinion The question is whether the value of the twenty-three payments under the supplementary contract which remained upon the death of the decedent, Idamay Swift Minotto, is includible in her gross estate under section 811 (a) or (c) of the Internal Revenue Code. The question is to be determined with consideration for the terms of the two policies which had been taken out by Louis F. Swift on his own life, and for the terms of the supplementary contract which provided for the settlement of those policies upon the death of the insured. Whatever incidents of ownership in the two original policies were reserved to Idamay Swift Minotto by the insured under the two endorsements of January 11, 1923, which made her the beneficiary and gave her various rights, those incidents of ownership were lost and extinguished by the death of her father on May 12, 1937, at which time each policy became a claim by death. *163 That is to say, at the date of decedent's death she did not have the rights which would go to make up ownership of the original policies. Under the terms of the original policies, the notice of election of the Mode of Settlement had to specify that the supplementary contract could be surrendered for its legal surrender value. Louis F. Swift, in his written notice of election of settlement determined against allowing a beneficiary to surrender the supplementary contract. The endorsement of January 11, 1923, setting forth the election of the Mode of Settlement specifically provided that "neither the supplementary contract nor any benefits accruing thereunder shall be subject to transfer, commutation, or encumbrance"; and provided, further, that the "election of Mode of Settlement" could not be changed or revoked. The original insurance contracts provided, also, that "A payee who has not the right to surrender the supplementary contract to the Company shall not have the right to assign or encumber such contract or any part thereof or any installment accruing thereon." The question must be considered upon the terms of the supplementary contract. It provided that none of the benefits *164 accruing thereunder were transferable, or subject to surrender, commutation, anticipation or encumbrance. Under it, the decedent had only a life estate in the proceeds of the policies. She could not change the contingent beneficiaries. Her right to each annual payment was contingent upon her being alive when a payment became due. Her interest in the annual payments ceased upon her death. The contingent rights which then ripened in the remaindermen came to them from their grandfather, the insured, not from Idamay Swift Minotto, the decedent in this proceeding. It is held that the value at the date of death of the petitioners' decedent of the remaining twenty-three installment payments under the settlement contract is not includible in petitioners' gross estate under subsections (a) or (c) of section 811 of the Code. Petitioner agrees that there was a reversionary interest under the Mode of Settlement, and that the value thereof at the date of death is includible in her gross estate. The parties have stipulated that the value of the reversionary interest is $845. It is held that the agreed value of the reversionary interest is includible in the gross estate. Decision will be entered *165 under Rule 50.